WILLIAM MAHONEY v. THE PEOPLE.

*Assault with intent to commit rape—New trial.*

In a prosecution for an assault with intent to commit rape, a charge in which the judge explains the crime and that of rape, and directs a verdict of guilty if the jury find beyond a reasonable doubt that respondent on the occasion in question took hold of the complainant and used force to overcome her,—that she resisted, and that his intent was to overcome her resistance and gratify his passions notwithstanding, and that it was against her will, is *held* proper.

When an application for a new trial is based on matters pertaining to the discretion of the court, and not on absolute legal right, its refusal is not open to review in the appellate court.

The refusal of a new trial presents no question for review where the affidavits therefor, though given in the bill of exceptions, are not accompanied by any finding of the facts they are claimed to prove.

Error to Manistee. Submitted Jan. 22. Decided Feb. 11.

INFORMATION for assault with intent to commit rape. Respondent was convicted.

*S. W. Fowler* for plaintiff in error.

Attorney General *Otto Kirchner* for the People.

GRAVES, J. The plaintiff in error was found guilty of an assault with intent to commit rape, and the court sentenced him to State prison for a term of years.

Complaint is made that in stating the offense to the jury the judge was not sufficiently precise. After explaining the crime of rape, and that of an assault with intent to commit it, he added: "If you find from the evidence that the respondent did, on the occasion in question, take hold of the complainant and use force to overcome her; that she resisted; that the intent of the respondent was to overcome her resistance, and to gratify his passions upon her notwithstanding her resistance, and that it was against her will; if you find these facts to exist and beyond reasonable doubt, then your verdict should be guilty." Construing this instruction with the rest of the charge, to which no exception has been taken, and comparing it with the evidence, and we not only find it accurate (*Strang v. People* 24 Mich. 1; *Don Moran v. People* 25 Mich. 356; *People v. Lynch* 29 Mich. 274) but appropriate to the circumstances as given by witnesses. The jury could not have been misled.

The refusal of the court to grant a new trial presents no question. It is true the affidavits are incorporated in the bill of exceptions, but there is no finding upon them of the facts they may be claimed to show, or anything equivalent to such a finding. Moreover, the application for the new trial was founded on matters pertaining to the discretion of the court and not on the ground of absolute legal right. *Hill v. People* 16 Mich. 351.

There is no error and the judgment is affirmed.

The other Justices concurred.