WILLIAM PORTER V. THE STATE.

*No. 473.   Decided May 19.*

1. **Assault with Intent to Commit Rape—Charge—Degree of Force.**—On a trial for assault with intent to commit rape it is error for the court to fail and refuse to instruct the jury, in effect, that to justify a verdict of guilty they must believe, beyond a reasonable doubt, that accused intended to gratify his passions and have carnal intercourse with the prosecutrix at all events, and notwithstanding resistance on her part.

2. **Same—Minor—Simple Assault.**—On a trial for assault with intent to rape, if the evidence shows that defendant was a minor, the court should instruct the jury

that if they believe that the accused assaulted the prosecutrix, but that he did not intend to use the degree of force necessary to overcome all resistance on the part of said prosecutrix, they might find him guilty of a simple assault. Following Pfefferling v. The State, 40 Texas, 487.

APPEAL from the District Court of Bexar. Tried below before Hon. GEORGE H. NOONAN.

This is an appeal from a conviction for assault with intent to rape, the punishment being two years' imprisonment in the penitentiary.

The facts are sufficiently stated in the testimony of the prosecutrix, which is as follows:

Freda Mink testified as follows: "My name is Freda Mink. On the 7th day of January, 1894, I was going home from Mrs. Buckman's place, where I was working. It was on Sunday afternoon, about 3 o'clock. I got on the mule car which connects with the West Commerce electric car line and runs to the East End addition of the city of San Antonio, which is a long way (distance I can't state) out from the center of the city. The mule was driven by a small boy. When I got aboard the car I was the only passenger. Soon afterwards the defendant and another boy [whom witness identifies in court room] got on the car. When we got to the end of the track the three boys, the little driver, defendant, and the other negro boy, whispered together, and then the little driver and the other negro boy went away and left the defendant on the car alone with me. He was sitting on the seat on the opposite side of the car from me. He (after the boys left and had gotten out of sight) asked me my name and where I lived. I pretended not to hear him. Then he repeated the inquiry, which frightened me, and I thought best to make some answer. I did so. He then made an indecent proposal to me, to which I replied I didn't understand him; when he immediately arose, came over to where I was sitting, took hold of me by the arms, and tried to push me down on the car seat. I shoved him off from me, and, being very much frightened, ran out of the car and up the track, and called to some people living up the road a piece for protection. He followed me out of the car and followed me up the track, and called to me and said if I would come back he would do me no harm. He (defendant) was soon afterwards joined by his negro companion and the two left, going in the direction of Mr. Kampmann's pasture. I then returned. This occurred in Bexar County, Texas, on the 7th day of January, A. D. 1894. I am a German girl, 15 years of age, and live in San Antonio, Texas."

The special requested instructions asked for defendant and refused by the court are set out in the opinion.

No briefs in the record.

HURT, PRESIDING JUDGE.—This is a conviction for an assault with intent to commit rape. According to the testimony of the prosecutrix, she and defendant were alone in a street car, the driver having left. Defendant asked her her name and where she lived. She pretended not to hear him. When he repeated the inquiry, she was frightened, and answered. He then made an indecent proposal to her, to which she replied that she did not understand him. He immediately arose, came across to where she was sitting, took hold of her by the arms, and tried to push her down on the seat of the street car. She shoved him off, ran out of the car, ran up the track, and called to some people for protection. He followed her out of the car and followed her up the track, calling to her that, if she would come back, he would do her no harm. She is 15 years of age. Defendant is a negro boy. The court, in the charge to the jury, submitted simply the issue of assault with intent to rape; that is to say, that the jury, under the charge, must either acquit or find the accused guilty of the felonious assault. The charge does not define the character or degree of force necessary to constitute rape. The defense asked the following charges, which were refused: (1) "In order to find the prisoner guilty of an assault with intent to commit rape, you must be satisfied, beyond a reasonable doubt, that the prisoner, when he laid hold of the prosecutrix, not only desired to gratify his passions upon her person, but that he intended to do so at all events, and notwithstanding any resistance on her part." (2) "If you believe from the evidence that the defendant did assault the said Freda Mink, but you do not believe, beyond a reasonable doubt, that he, under the circumstances, and at the time and place, intended to have carnal knowledge of her at all events, and notwithstanding resistance on her part, then you will acquit defendant of the charge of assault with intent to commit rape, but you may find the defendant guilty of assault, and assess his punishment at a fine." * * * The defendant reserved a bill to the refusal to give these charges.

The requested charge number 1 was the law of this case. Rex v. Lloyd, 7 Car. & P., 318; Rex v. Wright, 4 Fost. & F., 967; Commonwealth v. Merrill, 14 Gray, 415; Reynolds v. The People, 41 How. Pr., 179; Jones v. The State, 53 Ga., 50; The State v. Burgdorf, 53 Mo., 65; Mahoney v. The People, 43 Mich., 39; The State v. Hagerman, 47 Ia., 151; Taylor v. The State, 50 Ga., 79; Brown v. The State, 27 Texas Crim. App., 330; Shields v. The State, 32 Texas Crim. Rep., 498.

The requested charge number 2 was the law of this case. The testimony of the prosecutrix presented for the determination of the jury the issue whether or not the accused intended to use that degree of force we have defined; and, in the event that the jury believed that such intent did not exist, then defendant would be guilty of a simple assault, if the proof shows that he is not an adult. By comparing the facts in the present case with those in the case of Pfefferling v. The State, 40

Texas, 487, it will be found that in the latter a much stronger case was made, and we think the opinion of Judge Moore in that case is conclusive of this.

The judgment is reversed and the cause remanded.

*Reversed and demanded.*

Judges all present and concurring.