## MITCHELL, ALIAS SMITH, V. THE STATE.

### *No. 922. Decided November 21.*

1. **Burglary With Intent to Commit Rape—Burden of Proof.**—In a prose-.ution for burglary with intent to commit rape, to sustain a conviction the burden is upon the State to prove that the burglarious entry by the accused was with the specific intent to have carnal knowledge of the female at all hazards and by the use of all force necessary to accomplish that purpose, beyond a reasonable doubt; and such intent must have existed before the impediment presented itself and prevented the consummation of the purpose intended.

2. **Same.**—The intent above mentioned must be proved beyond a reasonable doubt by facts and circumstances which lead with reasonable certainty to the conclusion sought, and can not be left to speculation and surmises as to what would have been done if the accused had not been prevented.

3. **Same—Fact Case.**—See facts stated in the opinion which are held wholly insufficient to support a conviction for burglary with intent to commit rape.

4. **Practice on Appeal.**—Practice on appeal in a criminal case in this State is, that the court will reverse the judgment if the guilt of appellant is not made to appear to a reasonable certainty.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

This appeal is from a conviction for burglary with intent to commit rape, the penalty being assessed at five years' imprisonment in the penitentiary.

This is the second appeal in this case. See Mitchell v. The State, 32 Texas Crim. Rep., 479.

The case is sufficiently stated in the opinion.

No briefs have come to the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—On the evening before the night of the supposed burglary, defendant, at Perry, a village in Falls County, situated not far from the place of the supposed crime, stated to Mr. Beheverger that he was going that night to see a German girl. Miss Newman is a German girl, and states that sometime during the night, after she had gone to bed, "I felt some one catch hold of my foot. It aroused me, and I touched Miss Vogus and told her that there was somebody in the room. She raised up and struck a match, and I saw defendant crouched at the foot of the bed. He then raised up and went rapidly down stairs. As soon as we discovered defendant we gave the alarm. We were badly scared. My feet were covered up at the time I felt some one pulling at my foot." Miss Vogus, who was in bed with Miss Newman, states that Miss Newman remarked at the time that somebody had touched her foot, and that she believed that some one

must be in the room.   This witness corroborates Miss Newman in all other respects.   That appellant was the man seen in the room is not questioned; the sole question for our decision being, do the above facts support a conviction for burglary with intent to ravish Miss Newman? If appellant entered the house with intent to rape, then it is evident that the house was so entered as to constitute burglary, for the outside doors were all latched when the family went to bed.   This is not an issue in the case, the question being the sufficiency of the evidence to prove that appellant entered the house with the specific intent to ravish Miss Newman.   In The State v. Boon, 13 Iredell, 244, we have a case precisely like this, with one exception, and we adopt the opinion in that case.   Pearson, J., says: "The exception in reference to the want of evidence of the felonious intent [intent to rape] presents the only question as to which we have had any difficulty.   The evidence of the intent charged is certainly very slight, but we can not say there is no evidence tending to prove it.   The fact of the breaking and entering was strong evidence of some bad intent.   Going to the bed, and touching the foot of one of the young ladies, tended to indicate that the intent was to gratify lust.   Taking hold of ['grasping' as the case expresses it] the ankle after the foot was drawn up, and the hasty retreat, without any attempt at explanation, as soon as the lady screamed, was some evidence that the purpose of the prisoner at the time he entered the house was to gratify his lust by force.   It was no error to submit the question to the jury.   Whether the evidence was sufficient to justify a verdict of guilty is a question about which the court is not at liberty to express an opinion."

It will be observed that the court could express no opinion as to the sufficiency of the evidence to support the verdict if there was any evidence tending to its support, though very slight.   This was the law of that State at the date of this opinion.   Compare the cases.   Both parties entered the house at night, burglariously, if rape was intended. Two girls were in the same bed.   Boon touched the foot; appellant touched or pulled the foot.   The girls in both cases, when aroused, gave the alarm.   After this, both parties fled without explanation. After the foot was drawn up Boon "grasped" the ankle; the grasping of the ankle after the feet were drawn up, nor any similar fact, is in this case.   Up to this point the evidence tended only to show an intent to gratify lust.   There was no evidence in the Boon case tending to show an intent to gratify his lust by power until he grasped the ankle. He had entered the house through the window, at night.   He went to the bed occupied by the girls, touched the foot of one, and fled when the alarm was given, without explanation.   Now, from all these facts, the inference that he intended rape could not be made.   But when he grasped the ankle, after the foot had been drawn up, this case contained some evidence (though very slight) of an intention to rape.

Up to this act the case had not been carried further than the intent to gratify lust, whether by force or consent is left for speculation. The burden, however, is on the State to prove, beyond a reasonable doubt, that when appellant entered the house he intended to have carnal knowledge of Miss Newman at all hazards; intended to use all force necessary to accomplish that purpose. This proof (the guilt of the accused) can not be made by speculating as to what he might have done had he not been prevented. Now, by presumptions and infer-ences not warranted by the facts proved, the evidence must be suffi-cient to show clearly, beyond a reasonable doubt, the specific intent charged. This intent must appear before the impediment presented itself and prevented the consummation of the purpose intended. Of course, acts and declarations of the accused after the act may be used to show the intention; but no such appear in the record. Tested by the reasoning of the Boon case, the harshest construction that can be placed upon the facts of this case is, that appellant desired to gratify his lust. The evidence utterly fails to show that he intended to gratify his lust by force. This is one of the vital issues in this case. The breaking and entering the house at night amount to nothing without the specific intent to ravish Miss Newman. This intent is as essential as the breaking and entering the house, etc., and must be proven be-yond a reasonable doubt; proved by facts and circumstances which lead with reasonable certainty to the conclusion sought, and not left to speculation and surmises as to what would have been done if the party had not been prevented. To the Boon case again: It is evi-dent that if the court had been authorized the judgment would have been reversed because of the insufficiency of the evidence; but by the law of that State, if there was any evidence to support it, they could not interfere. This court is bound by no such law. If the guilt of ap-pellant is not made to appear to a reasonable certainty, it is the duty of this court to reverse the judgment.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.