JAKE ELLENBERG V. THE STATE.

*No. 1049.    Decided May 27th, 1896.*

**Assault With Intent to Commit Rape—Fact Case—Evidence Insufficient.**

See, facts stated in the opinion, upon which it is Held:   That the evidence shows an indecent assault, but nothing further than an attempt to have carnal intercourse with the prosecutrix, not by force and against her will, but by persuasion, and is wholly insufficient to support a judgment of conviction for assault with intent to commit rape.

APPEAL from the District Court of Houston.   Tried below before Hon. J. R. BURNETT.

This appeal is from a conviction for assault with intent to rape, the punishment being assessed at two years' imprisonment in the penitentiary.

The opinion states the case.

*John I. Moore,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to commit rape, and was given two years in the penitentiary, and prosecutes this appeal.   The facts, briefly stated, are these:   The prosecutrix was a young lady about 21 years of age, the step-daughter of the appellant.   On the night in question, he had returned home after an absence of several weeks, and his wife, with another adult sister, was absent a short time in the early part of the night, waiting on a sick neighbor.   Appellant lay down on his bed, and was apparently asleep for a time, and the prosecutrix lay down across another bed, in the same room.   Appellant got up from the bed where he was lying, went over to the bed where the prosecutrix was, put his arm over her and called the name of the prosecutrix several times.   She testified that he got on top of her.   After a struggle, she released herself, got up, and went out of the room, onto the gallery, and on the ground.   He went out, too.   She stopped, and he stood near her on the gallery.   She said, "Yonder comes mother."   He asked her then not to tell, and she said she would not tell.   The next morning she appeared to be gloomy, and her mother sent for a physician, Dr. Knox.   He testified that, while feeling her pulse, she told him about what had happened the night before.   He called her mother in, and she also told her mother.   An affidavit was made, and the defendant was arrested for the assault.   The evidence fails to disclose that any violence further than above related was used by the appellant.   No personal injuries whatever were inflicted on the prosecutrix.   None of her clothes were torn, and she did not cry out.   What amount of force was used on the bed the evidence does not indicate further than as related.   If the appellant was a man of ordinary strength, and the prosecutrix was a woman of ordinary strength and size, and if the appellant at the time intended to com-

mit a rape upon her by the use of· force, that force which is necessary to constitute this offense, we would reasonably expect to find some further evidence of violence than is here indicated.  If appellant got on top of her, as her testimony shows, and had her thus in his power, if he had at that time the ulterior purpose to compel carnal intercourse with her by coercion, with threats and force, the testimony should have further informed us as to what effort the prosecutrix may have made in order to have released herself from his grasp.  In other words, in the absence of direct proof that he intended to commit a rape upon her by the use of force, we cannot presume that such was his purpose.  The testimony all shows an indecent assault, but shows nothing further than an attempt to have carnal intercourse with her, not by force and against her will, but by persuasion, and, if that failed, to desist short of the use of that ulterior force which constitutes this offense.  See, Dockery v. State, 35 Tex. Crim. Rep., 487; Thompson v. State, 43 Texas, 583; Price v. State, 35 Tex. Crim. Rep., 501, and authorities there cited.  We notice that a former conviction was had in this case, and a new trial granted in the court below, presumably on the ground that the judge was not satisfied with the evidence to sustain the verdict.  If it was not stronger than the evidence on the present trial, the court acted properly, and should have granted a new trial in this case, and not have put the defendant to the expense of an appeal, and the consequent incarceration pending the same.  Because, in our opinion, the evidence in this case does not establish the offense of an assault with intent to rape, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*