### GILES GRAYBILL v. THE STATE.

#### No. 2140.        Decided November 29, 1899.

**Assault with Intent to Rape—Evidence Insufficient.**

See opinion for facts stated which a majority of the court hold plainly and palpably insufficient to show an intent to ravish the prosecutrix, a girl of 13 years of age.

HENDERSON, Judge, concurring in disposition of the case, holds the evidence tends to show an assault upon prosecutrix, but that there was lacking evidence of that sufficient force establishing the intent of defendant to copulate with prosecutrix without her consent, which is required by law.

APPEAL from the District Court of Smith. Tried below before Hon. J. G. RUSSELL.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The indictment charged appellant with assault with intent to rape Minnie Roberts, on the 18th day of September, 1899.

The case is sufficiently stated in the opinion.

*B. B. Beard,* for appellant. [No briefs found with record.—Reporter.]

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at three years confinement in the penitentiary.

There are four counts in the indictment. The first charges an assault to rape a woman by force, threats, and fraud, without her consent; the second, an assault upon a woman under 15 years of age, not the wife of defendant, by means of force, threats, and fraud; the third charges an assault to commit rape upon a woman under 15 years of age, not the wife of defendant, by force, threats, and fraud, without her consent; and the fourth count charges an assault to rape by means of force, threats, and fraud, omitting the allegation "without consent." There is no question raised upon the indictment. There are several questions suggested for our consideration; but, as we view the record, it is not necessary to discuss any of them, save the want of sufficient evidence to support the judgment. The State's case, in substance, is that the prosecutrix, who was 13 years of age, and her two younger sisters,—the youngest being between 9 and 10 years of age,—were picking cotton in a field of perhaps 75 acres. The defendant came to where they were, and offered the older one money to accompany him to a spring outside the field. This was declined. He then proposed to pick cotton for the girls if the older one would hug and kiss him. This offer was also declined. He then caught the bottom of the girl's apron with one hand, and the third finger on her left hand with his

other hand, and pulled her across the row to where he was. She began crying and picked up a rock. Appellant desisted. He made no indecent proposition to her, and the only other act testified to by any of the witnesses on his part was that, while picking cotton, in placing it in the sack of the prosecutrix his hand rubbed her breast. This is testified alone by her, and not by the other two girls. He remained with them an hour or more picking cotton, and left, going to his father's residence, some miles away. The prosecutrix, and perhaps her sisters as well, went to a neighbor's house, near by, and told them that the accused had been down there "bothering them" by tramping on their cotton sacks. In any event, they went to the house and informed them of the fact that the defendant had been there, and one of the women accompanied the girls to the cotton field, and remained with them until about sundown. This places the testimony for the prosecution in as strong a light as the record will justify. Appellant's theory of the matter was: That he stopped at the very house to which the girls afterwards went, for dinner; some of the parties being related to him. After dinner, being a stranger in the community, he inquired of them the way home. They suggested that he go through this cotton field, to save distance in going around it, and strike the road on the opposite side. Following their advice, he went through the field, and found the three girls in there at work. That he had tied around each arm a piece of ribbon, and had on a necktie. When he approached the girls, they began begging for the ribbons, and finally laid hold of him and untied both ribbons, and one of them took off his necktie. It is shown that he had the ribbons before he approached the girls, and that evening the girls returned both ribbons to one of the witnesses in the case, and they were preserved and exhibited upon the trial. This seems to be about the substance of the testimony in the record, and upon this appellant was condemned to serve a term of years in the State penitentiary. It is not necessary to discuss the statements of facts. It is plainly and palpably insufficient to show an intent to ravish the prosecutrix. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE.—I fully concur in this opinion.

HENDERSON, JUDGE.—While I concur in the disposition of the case made by Judge DAVIDSON, I will state more fully my views:

The conviction was general, and, if the proof justified, it could be maintained under either the first or fourth count of the indictment. It is conceded the prosecutrix was under 15 years of age, and was not the wife of appellant. The evidence tends to show that he made an assault on her; that is, he put his hands on her without her consent, evidently with intent to persuade her to copulate with him. She not only refused, but resisted his attempt, and thereupon he desisted. Un-

questionably there was lacking 'here that sufficient force establishing the intent of appellant to copulate with prosecutrix without her consent which is required by law. As was said in Dockery v. State, 35 Texas Criminal Reports, 487: "To constitute the offense of an assault with intent to rape, it must appear from the evidence, beyond a reasonable doubt, that the accused intended, if it became necessary, to force compliance with his desires at all events, regardless of any resistance made by his victim." And see Pefferling v. State, 40 Texas, 486; Ellenberg v. State, 36 Texas Crim. Rep., 139. In order to constitute rape on a girl under 15 years, with her consent, there must be an assault, and the use of force (the same character of force required in an assault, the want of consent not being a necessary element), and this force carried far enough to establish the ulterior intent of appellant to have carnal intercourse with prosecutrix with her consent. Now in this case prosecutrix never did consent, and, as stated above, when she resisted, appellant withdrew, and did not prosecute his attempt any further. At the most the force used was only with intent to persuade her to have carnal intercourse with him. This she declined, and there was therefore no manifestation of an ulterior intent on his part to copulate with her by the use of force, either with or without her consent. From the State's theory, he was evidently guilty of an indecent assault, but no more.