W. T. SIRMONS v. THE STATE.

No. 2520.   Decided February 18, 1903.

**Assault with Intent to Commit Rape—Evidence Insufficient.**
See opinion for evidence held insufficient to support a conviction of assault with intent to commit rape.

Appeal from the District Court of Erath.   Tried below before Hon. W. J. Oxford.

Appeal from a conviction of assault with intent to commit rape; penalty, two years and one day's imprisonment in the penitentiary.

The opinion states the case.

*Eli Oxford, W. J. Thompson,* and *C. Nugent,* for appellant.—The evidence is insufficient.   It is absolutely essential that a specific intent to rape be established by the evidence.   A mere possibility of such intent will not suffice.   House v. State, 9 Texas Crim. App., 567; Saddler v. State, 12 Texas Crim. App., 194; Id., 196; Peteson v. State, 4 Texas Crim. App., 162; Id., 535; Jones v. State, 18 Texas Crim. App., 485; Moore v. State, 20 Texas Crim. App., 275; Pless v. State, 23 Texas Crim. App., 73; Carrall v. State, 24 Texas Crim. App., 366; Robinson v. State, 30 Texas Crim. App., 498; Shields v. State, 32 Texas Crim. Rep., 498; Stieke v. State, 33 Texas Crim. Rep., 65; Porter v. State, 33 Texas Crim. Rep., 85; Marthall v. State, 34 Texas Crim. Rep., 22; Matthews v. State, Id., 479; Dockery v. State, 34 S. W. Rep., 281.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an assault with intent to commit rape, and his punishment assessed at confinement in the penitentiary for a period of two years and one day.

Minnie Gordon, the prosecutrix, testified, substantially: That she worked for defendant—washing dishes, sweeping floors, making up beds, etc., about the hotel—but did not wait on the table.   That she slept in the same room with appellant and his wife, but in a separate bed.   "One morning, about 4 or half past 4 o'clock, defendant came to my bed. When I waked up, he was standing with one hand on my right shoulder and one on my waist [indicating the place].   Both of his hands were on top of the cover.   He stooped down to kiss me, and I slapped him in the mouth.   He did not say anything.   He did not put his hands under the cover.   I told him if he did not go away I would tell papa.   He went away.   I did not look where he went.   He had on his night clothes. He did not speak.   The next morning he came to me at the ice box, and asked me what I hallooed for."   This occurred on Wednesday night— and that she left defendant's house Friday night, when her father came after her.   On witness' attention being called to what defendant said at her bed, she stated that "he asked me if I was going to holler."

Prosecutrix was 14 years of age. Various witnesses testified to lascivious and filthy remarks about prosecutrix made by appellant, and as to what he had done and intended doing with her. We do not think the testimony of prosecutrix supports the finding of the jury. It fails to show any intent on the part of appellant to assault prosecutrix, with intent to commit rape upon her.

Because the evidence is not sufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*