JIM DINA v. THE STATE.

No. 2861.    Decided January 13. 1904.

**1.—Assault with Intent to Rape—Evidence—Credibility of Witnesses.**

It is permissible on part of the State to show that certain witnesses for defendant had not testified at a former trial, as going to the credibility of said witnesses.

**2.—Argument of Counsel—Accidental Remarks.**

Where the State's attorney in his argument inadvertently used the words "former conviction," and immediately corrected himself, and the court also instructed the jury to disregard said remarks, there was no error.

**3.—Same—Special Charge Necessary.**

Unless the language used by counsel is of such a character as obviously to require a reversal, it is held that the court will not reverse in the absence of a requested charge and a refusal to give same.

**4.—Charge of the Court—Impeaching Testimony—Caution.**

The propriety of the court in any case to charge on impeaching testimony and instructing the jury how to weigh it is doubted, unless there be some occasion to limit the purpose of the testimony.

**5.—Same—On Weight of Evidence.**

It is error to assume in the court's charge that certain witnesses have contradicted others, and especially so, when in fact there is no contradiction.

**6.—Evidence—Intent to Succeed at All Hazards the Test.**

There must be sufficient evidence to authorize the jury to believe that it was the intention of the accused charged with rape, to have intercourse with the party alleged to have been assaulted, at all hazards, and that he intended to use sufficient force to accomplish his purpose, notwithstanding any resistance the party assaulted might put forth.

**7.—Same.**

See opinion for evidence held to be insufficient to sustain a conviction for assault with intent to rape.

Appeal from the District Court of Morris. Tried below before Hon. P. A. Turner.

Appeal from a conviction of an assault with intent to commit rape; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Jones* and *Bolin & Terrell,* for appellant.—Wood v. State, 61 S. W. Rep., 308; Caddell v. State, 70 S. W. Rep., 91; Dockery v. State, 34 S. W. Rep., 281; Coffee v. State, 8 Texas Ct. Rep., 557; O'Brien v. State, 40 S. W. Rep., 969; Price v. State, 36 Texas Crim. Rep., 143.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at a term of eight years in the penitentiary.

During the trial appellant objected to testimony showing that certain witnesses who testified at this trial had not testified at a former trial of the case. It appears from the explanation of the court in this connection that the defendant proved that prosecutrix, Mrs. Segal, had brought a suit in the district court for damages, since the former trial, against the railroad company on account of the alleged assault, the same having been committed on the cars of the railroad company; and in response thereto the State was permitted to show that said witnesses were connected with the railroad company, and that they only became witnesses for defendant after the institution of the civil suit. This was admissible as going to the credit of said witnesses. We further hold that the argument of the district attorney along this line was permissible. Appellant objected to that part of the argument of the

district attorney, in which he used the following language: "These witnesses did not testify at the former conviction of defendant." The contention being that the allusion to the former conviction of defendant was reversible error. The court explains this bill by showing that the use of the word "conviction" in that connection by the district attorney was entirely accidental; that the district attorney, on his attention being called thereto, immediately corrected it, and that the court verbally instructed the jury to disregard said remarks. In Baines v. State, 66 S. W. Rep., 847, we held, that the allusion to a former conviction by the district attorney, where the same was entirely accidental, was no ground for reversal. And see Gaines v. State, 8 Texas Ct. Rep., 616.

With reference to other objections urged to the argument of the district attorney, we would observe that no written charge was asked on the subject by appellant and refused by the court, and bill of exceptions saved thereto. Unless the language used is of such a character as obviously to require a reversal, it is held that the court will not reverse in the absence of a requested charge on the subject, and the refusal to give the same, all saved by bill of exceptions. Smith v. State, 5 Texas Ct. Rep., 372.

Appellant reserved a bill of exceptions to the charge of the court wherein it told the jury that they could not use the contradictory testimony of Joe Davis and Charley Gallagher and Bob Conley, of witnesses Mrs. Ann Floyd and J. G. Floyd, because Bob Conley's testimony did not corroborate the testimony of Joe Davis and Charley Gallagher, and did not contradict the testimony of Mrs. Ann Floyd and J. G. Floyd, as shown in paragraph ten of said charge. We have examined the record in this connection, and believe the point is well taken. If it be conceded that the court could charge in the manner done here, calling direct attention to the contradictory testimony by reiterating it in the charge, certainly he was not authorized to assume there was any contradiction between the witnesses; that was a matter solely for the jury, and unquestionably the court had no right to tell the jury that there was a contradiction between the testimony of defendant's witnesses and Bob Conley's testimony, inasmuch as an examination of the testimony of Bob Conley fails to disclose that he contradicted the testimony of Mrs. Floyd in any material respect. Indeed, as we view his testimony, it corroborates her. We doubt the propriety of the court in any case charging on impeaching testimony, and instructing how the jury are to weigh it, unless there be some occasion to limit the purpose of the testimony, or there is danger the jury might appropriate the testimony as original evidence against appellant, or for some other purpose than purely impeaching purposes. See Dodson v. State, 6 Texas Ct. Rep., 311. There was no occasion here to charge on impeaching testimony at all. The charge as given was not only not called for, but was not a correct charge on the subject. It not only assumed that the witnesses

contradicted each other, but assumed the contradiction as between Conley and Mrs. Floyd, where none existed; and this was hurtful to appellant.

Appellant strenuously contends that the evidence is insufficient to support the verdict. This is a remarkable case. The prosecutrix, Mrs. Segal, was a passenger on the chair car running on the Cotton Belt railroad, and during a short stoppage of the train at the town of Naples, about daylight, she claims that while she was asleep in a reclining chair, and her little daughter four years of age being also asleep by her side, she was suddenly aroused by some one raising her skirt, and then choking her into insensibility; that about that time the train started, and the party, whom she identified as appellant, rushed out of the train. She described her assailant to the conductor and others, and appellant, who was a porter at a hotel in Naples, was arrested on her description. On his arrest, according to the officers, which was some hours afterwards on the same day, he asked them if it was about that trouble on the train, in the morning. Besides her description of her assailant to the officers, this is the only corroborating circumstance that we recall identifying appellant with the transaction. However, appellant explains this by stating that he had heard, before the officers came, of the occurrence at the train that morning. In addition, appellant proved a complete alibi by Mrs. Floyd, proprietress of the hotel, and her husband. It was also in evidence that the train stopped at Naples only about two minutes that morning, which was about daylight, or a little before; and that the car where the alleged assault occurred was about eight cars back from the engine, which would have placed it a good distance from the hotel—the hotel being about opposite the baggage car and some thirty steps therefrom. If it be conceded that the identity of appellant is sufficiently established by the testimony of the prosecutrix, and in such measure as to break down his alibi, authorizing the jury to believe him the guilty party beyond any reasonable doubt, still, according to our view, it is exceedingly questionable whether the evidence of the prosecutrix establishes that appellant entertained the specific intent to accomplish his purpose of having carnal intercourse with prosecutrix at all hazards. We understand this to be the doctrine laid down by the authorities. Dockery v. State, 34 S. W. Rep., 281; 35 Texas Crim. Rep., 487; Price v. State, 36 Texas Crim. Rep., 143; O'Brien v. State, 40 S. W. Rep., 969; Wood v. State, 61 S. W. Rep., 308; Caddell v. State, 70 S. W. Rep., 91; Coffee v. State, 8 Texas Ct. Rep., 557. All these cases establish the principle that there must be sufficient evidence to authorize the jury to believe that it was the intention of appellant to have intercourse with prosecutrix at all hazards; that is, he intended to use sufficient force to accomplish his purpose notwithstanding any resistance prosecutrix might put forth. If the assault is less than this, the party may be guilty of an aggravated assault, but not of an assault with intent to rape. In this case, according to the testimony of prosecutrix, what attracted her

attention was that her dress was being raised, though she is contradicted by a number of witnesses as to this. She then says he immediately began choking her. The little girl, asleep by her side, does not appear to have been aroused by the struggle. She says she attempted to scream, but could not because he was choking her. She had a purse on her belt, but says no attempt was made to take this; but he choked her until the train started to move off, and then immediately left her and ran out of the train. She does not appear to have overcome him by her resistance, nor did anyone interfere to prevent him from accomplishing his purpose, if his purpose was as she suggests. What was done occurred on the car during the temporary stoppage of the train at the depot; the doors of the car were open, affording ingress and egress to all persons who might come into the car, though it seems at the time none were present except herself and her little daughter. It does occur to us that, under the circumstances, giving full effect to all prosecutrix testifies as being true and disregarding altogether the alibi proven by appellant, there was manifest from her evidence the determined purpose on the part of appellant to copulate with prosecutrix at all.hazards.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*