## Jess Ross v. The State.

### No. 2680. Decided May 11, 1904.

**1.—Charge of the Court—Provoking Difficulty.**

Where the evidence was that defendant, after the first difficulty between himself and prosecutor had ceased, returned to the scene and immediately began firing at him, the issue of provoking the difficulty was not in the case.

**2.—Same—Harmful Error.**

Where the court in a trial for assault with intent to murder, also charged on aggravated assault, which the evidence justified, an unauthorized charge on the law of provoking the difficulty was harmful to the rights of defendant, and may have caused the jury to find a verdict for the higher instead of the lower grade of assault.

**3.—Same—Self-Defense Eliminated.**

A charge on provoking the difficulty necessarily eliminates the right of self-defense, perfect or imperfect, and should never be given unless the facts in the case authorize it.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the facts.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the peniten‑ tiary for a term of two years.

There are no bills of exception in the record. Appellant urges various objections to the charge of the court. We do not deem any of them well taken, except that portion of the charge which presents the law of provoking the difficulty. The evidence shows that defendant was the son-in-law of the prosecutor; that defendant had separated from his wife, and the wife had returned to her father's to live. Defendant called on her repeatedly, to see his children; and on the day of the offense here charged, prosecutor returned home and found defendant there, who immediately raised a disturbance; and prosecutor and his wife acting together forcibly ejected defendant from the house. He went off 75 or 100 yards, and in a short while returned and immediately began firing at and chasing prosecutor. He wounded him with the pistol, after shooting at him several times, according to the testimony of the State. However, appellant insists that he did not attempt nor try to kill or wound his father-in-law, but was merely shooting and running after him to scare him. We do not think this evidence suggests the issue of provoking the difficulty. If appellant had killed or injured his father-in-law during the difficulty that arose first at the house it might be that the evidence would suggest that issue, but that difficulty ceased. Appellant left the house, went off some distance as stated, got a pistol, and in a short while—the exact length of time is not stated—returned and voluntarily began to shoot at prosecutor. This is substantially the State's case, as well as defendant's defense. The court charged on the law of self-defense. We see no evidence suggesting this theory, since appellant did not testify to anything suggesting it; nor does the record disclose any evidence authorizing such a charge. The record before us shows that the court charged on aggravated assault. There is some evidence suggesting this issue. In view of this fact we think the court erred in charging on provoking the difficulty, since the jury might appropriate said charge for the purpose of enhancing appellant's punishment and convict him of assault with intent to murder; whereas, if the court had not given the erroneous charge on provoking the difficulty the jury might reasonably have convicted appellant of aggravated assault. In other words, we think the charge injured the rights of appellant, and probably caused the jury to convict him of assault with intent to murder, instead of aggravated assault. We have heretofore held that, where the issue of provoking the difficulty is charged upon, and there is no self-defense in the case, it is not reversible error to charge on provoking the difficulty (Abrams v. State. 36 Texas Crim. Rep., 44); but where the issue of assault with intent to murder and aggravated assault are both suggested by the evidence, a charge on provoking the difficulty might be harmful to defendant and cause the jury to convict him of the higher grade of the offense then

on trial. We accordingly hold that the judgment must be reversed on account of the fact that the court charged on provoking the difficulty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I agree to the reversal, and believe further that it is reversible error to charge on provoking a difficulty when the evidence does not raise that issue. This fact would necessarily eliminate self-defense. A charge on this issue is never permissible except as an estoppel to self-defense—perfect or imperfect. This the court can not assume, against the facts, in his charge, and thus authorize a conviction when there are no facts as a predicate. White's P. C., secs. 1211, 1212, for collation of authorities. It is necessarily injurious.