THIRST SCOTT v. THE STATE.

No. 3842. Decided February 13, 1907.

**Assault to Rape—Intent—Force.**

Where upon trial for assault to commit rape the evidence showed that the female assaulted was over 15 years of age; that there appeared no fraud or threats; nor sufficiently showed that defendant intended to force his desires to the extent of overcoming all resistance that might be offered by the assaulted female, the conviction could not be sustained.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of assault to rape; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Richards,* for appellant.—On question of force and intent: Carroll v. State, 24 Texas Crim. App., 366; Floyd v. State, 29 Texas Crim. App., 341; Garza v. State, 38 Texas Crim. Rep., 317.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for assault to rape. The evidence shows that on the night of the alleged assault Miss Grace Sherwood and her companion, Miss Shadle, were occupy- ing a room in a hotel at Weatherford, Texas; that they, in company with some companions, were attending a social gathering on the 4th of July; that their room was on the lower floor with a gallery partly surrounding it. In the adjoining room slept the proprietor and his family. Near the foot of the bed occupied by the two ladies was a window. The window was elevated and the opening was secured by a wire gauze or screen. Appellant was porter or waiter about the hotel. The young ladies retired about midnight. The porter and some other negroes were sitting on the gallery, appellant playing a banjo. The other negroes took their departure, appellant remaining. Miss Sher- wood testifies that appellant walked about on the gallery for a while; finally she dropped off to sleep, and was awakened by some one touch- ing her leg just above the knee. She screamed and the intruder ran away. She recognized appellant whom she states had broken the wire netting loose from its fastenings and had a portion of his body, head and shoulders, in the room, the remainder of his body being out- side of the room, he standing on the gallery. He did nothing further than to touch her leg just above the knee. Miss Shadle was asleep, but was awakened by the scream as was the proprietor of the hotel. Miss Shadle did not see appellant or anybody else, he had disappeared. This is the State's case as far as the assault and purpose of the assault is shown as disclosed by the record. If his purpose was to commit rape, the young ladies being over 15 years of age, then it must be by force, threats or fraud. There is no evidence of fraud or threats, therefore, we are relegated to the question of force. In order to con- constitute an assault to rape by force, it must be shown that the intent must be to overcome all resistance on the part of the assaulted female in addition to her want of consent. There is nothing indicating that she consented or would have consented. That is out of the case. Now, does this evidence sufficiently show that appellant intended to force his desires to the extent of overcoming all resistance that might be offered by the assaulted girl. As we understand this evidence and the au-

thorities in our State bearing upon this question, this evidence is not sufficient to show his purpose to use the force necessary to overcome resistance. In the bed with her was a young lady 19 years of age; in the adjoining room was the proprietor and his family, with a door between the two rooms. Appellant is shown to be entirely familiar with the premises, and was porter or employee about the hotel, and waited upon the guests. See Mitchell v. State, 32 Texas Crim. Rep., 479, and for collation of authorities generally see White's Penal Code, articles 1055-6-7. The further questions are not discussed. Believing the evidence is not sufficient to justify the conclusion that this assault was made with intent to commit the crime of rape under the circumstances, the judgment is reversed and the cause remanded.

*Reversed and remanded.*