### Roy Barnes v. The State.

#### No. 6049.  Decided February 23, 1921.

**Assault to Rape—Insufficiency of the Evidence—Aggravated Assault.**

Where, upon trial of assault with intent to rape by force, the evidence would have authorized the jury to convict the defendant of an aggravated assault, but there was an absence of facts which revealed an intent upon the part of the defendant to commit the assault with intent to rape, there is reversible error. Following Collins v. State, 52 Texas Crim. Rep., 457, and other cases.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of assault with intent to rape by force; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. P. Dorough,* and *R. H. Jones,* for appellant.

MORROW, Judge.—Conviction is for assault with intent to rape and punishment fixed at confinement in the penitentiary for two years.

The appellant and four companions were traveling in an automobile and passed on the road an automobile in which were riding the prosecutrix, her sister and two young men. Appellant and his companions stopped their car at a bridge for the purpose of getting water. The other car following them also stopped because the road was obstructed. All of the parties had been to a dance and were returning to their homes about midnight. Appellant and his companions got out of their car and went to that in which the prosecutrix and her companions were riding. The prosecutrix was sitting upon the back seat of the car by a young man. The door was closed and was not opened during the episode upon which the prosecution is based. The prosecutrix said that appellant caught her by the left hand and left leg above the knee and attempted to pull her out of the car; that she resisted and told him to desist. He responded by making an insulting remark to the prosecutrix. She then told Reeder, who was also in the car, to make the appellant quit; that upon Reeder's telling him to quit he did so and troubled her no more, though he stayed around for some time.

Reeder's testimony was, in substance, in accord with that of prosecutrix and the testimony of the sister of prosecutrix was also of the same effect, save that she said the dress was pulled up to the waist.

Appellant and several of the persons present testified denying the assault and disclaiming the use of the language attributed to the appellant by the State's witnesses.

The indictment charges that the assault was made with an intent to commit rape by force. The sufficiency of the evidence is questioned.

From the State's standpoint, the conduct of the appellant was atrocious. His act was criminal, but whether it was an assault with intent to rape by force would depend upon whether there was evidence from which the jury was justified in finding that the appellant intended to have carnal intercourse with the prosecutrix by force; that it was his intent to use such force as would overcome any opposition that might reasonably be made under the circumstances surrounding the parties. Thompson v. State, 43 Texas Reports, 584; Branch's Crim. Law, Sec. 714 and cases cited; Saddler v. State, 12 Texas Crim. App., 194; Ross v. State, 46 Texas Crim. Rep., 451, 78 S. W. Rep., 504-514; Price v. State, 36 Texas Crim. Rep., 143; Dina v. State, 46 Texas Crim. Rep., 402; Cotton v. State, 52 Texas Crim. Rep., 57.

If it can be conceived that it was the intent of the appellant to force the prosecutrix to submit to his carnal desire in the public road and in the presence of a number of people, such intent appears to be negatived by the circumstances detailed by the State's witnesses, who disclosed, without controversy, that when the appellant was told by Reeder to desist that he immediately complied. There is no suggestion that Reeder, in admonishing the appellant to refrain from further outrageous conduct toward the girl, threatened violence to the appellant. While it is manifest that the jury would have been authorized to convict the appellant of an aggravated assault and inflict such punishment as the law permitted, we cannot persuade ourselves that under our statute, as construed in numerous decisions, the evidence reveals an intent upon the part of the appellant to force the submission to his lust at all hazards. Among the decided cases supporting this view are Collins v. State, 52 Texas Crim. Rep., 457; Dockery v. State, 35 Texas Crim. Rep., 487.

The court was requested to instruct the jury that the appellant's offense, if they found he had committed one, would be no greater than an aggravated assault. From what it has been said, it follows that, in the opinion of this court, such an instruction should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*