JOHN ADAMS v. STATE.

No. 24150. November 3, 1948.
State's Motion for Rehearing Denied December 15, 1948.

Hon. Penn J. Jackson, Judge Presiding.

*Russell & Chrisman,* of Cleburne, for appellant.

*John A. James, Jr.,* of Cleburne, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to rape, with a penalty of twenty-five years in the penitentiary. The indictment of appellant alleges two former convictions for similar offenses and the record contains proper proof of such convictions in Jefferson County, Texas.

There is but one question in the record which requires discussion. The appellant is a negro man, the prosecutrix a white girl thirteen years of age who lived in the City of Cleburne, Texas. Early in the morning of November 6th, 1947, the prosecutrix and her cousin, a girl fifteen years of age, were on their way to school. They were walking near a railroad track. Ac-

cording to their testimony, appellant came up behind them and was walking within a few feet of them. The prosecutrix dropped something and stooped to pick it up. As she did so, appellant grabbed the little girl around her stomach. Her arms were by her side and were within his embrace. He said something but the witness did not know what it was.

This was in broad open daylight, there were houses in the vicinity, and a policeman was in that area in his car. We find nothing in the surrounding circumstances that would strengthen the evidence of these witnesses or add an implication damaging to appellant. The little girl screamed but some men not a great distance away apparently were not attracted by her screaming.

Describing the attack, the prosecuting witness said, "Well, he just came up behind me and locked his arms around my waist. Both of his arms were around me. His hands came together in front of me. He did not squeeze me. I was scared. At the time he grabbed me I screamed, and he then turned me loose and ran west. At the time he grabbed me he said something, or mumbled something, but I couldn't understand what it was." On cross-examination she said, further, "When the defendant caught me around the waist, he didn't squeeze me up to him, or anything like that. When I screamed he just turned me loose and ran. He didn't try to turn me around, or anything like that."

The foregoing quotations from the evidence of the prosecutrix and her cousin constitute the evidence produced by the State to support the conviction for assault to rape. We consider it inadequate. Cromeans v. State, 59 Tex. Cr. R. 611, 129 S. W. 1129.

From Branch's Ann. P. C., Article 1029, Sec. 1700, we quote: "There must be sufficient evidence to authorize the jury to believe that it was his intention to have the carnal knowledge at the time at all hazards; that he intended to use sufficient force to accomplish his purpose notwithstanding any resistance the woman might make." A large number of authorities are cited in support of this statement.

In Sec. 1701 of the same article it is said, "To constitute an assault with intent to commit rape it is essential that a specific intent to commit rape be established by the testimony, and it must go beyond a mere possibility of such intent. House v. State, 9 Tex. App. 568. Elam v. State, 20 S. W. 710. Shields v. State, 32 Tex. Cr. R. 498; 23 S. W. 893. Laco v. State, 38 S. W. 176.

Graybill v. State, 41 Tex. Cr. R. 286; 53 S. W. 851. Sirmons v. State, 44 Tex. Cr. R. 488; 72 S. W. 395. Dina v. State, 46 Tex. Cr. R. 402; 78 S. W. 229. Cotton v. State, 52 Tex. Cr. R. 57; 105 S. W. 185."

The following paragraph, from the same section, is appropriate to the facts before us in the instant case. "Touching a female on the leg or body does not of itself constitute an assault with intent to rape, however outrageous and unwarranted the assault may be, where defendant does not manifest his purpose to gratify his carnal desire at all hazards, but desists or flees without further indicating his intent to overcome any resistance that she might make. Steinke v. State, 33 Tex. Cr. R. 66; 25 S| W. 287. Mitchell v .State, 33 Tex. Cr. R. 575; 28 S. W. 475. O'Brien v. State, 40 S. W. 969. Sirmons v. State, 44 Tex. Cr. R. 488; 72 S. W. 395. Dina v. State, 46 Tex. Cr. R. 402; 78 S. W. 229. Scott v. State, 51 Tex. Cr. R. 6; 100 S. W. 159. Cotton v. State, 52 Tex. Cr. R. 57; 105 S. W. 185."

While it will not be necessary to discuss other questions raised, we do observe that the signed statement is introduced as a voluntary confession. The accused denied that he signed this statement voluntarily, denied that he had the statutory warning, and detailed circumstances which he said created a fear which forced a confession. These statements involved some of the peace officers, none of whom took the witness stand to deny the statements made relative to the manner in which the confession was secured. In the event of another trial it is cautioned that consideration should be given to the holdings of this Court on the admissibility of confessions under such circumstances. Allgood v. State, 148 S. W. (2d) 433; Williams v. State, 178 S. W. (2d) 684; Cavazos v. State, 172 S. W. (2d) 348.

Because the evidence is insufficient to support the conviction, the judgment of the trial court is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The Honorable John A. James, Jr., District Attorney, has filed a motion for a rehearing in this cause based on the contention that the evidence introduced of the two former convictions for assault with intent to rape sufficiently supported the verdict of the jury on the question of intent.

We do not think that they were admissible for that purpose, or that, being admitted for the purpose of enhancing the penalty, they may be utilized to show intent. The mere fact that they were of like character has never been held by this Court to be admissible for that purpose.

From 18 Tex. Jur., p. 69, sec. 35, we quote as follows:

"If the two offenses are so remote in point of time as to preclude any connection between them evidence of the collateral offense should be rejected."

See also Denton v. State, 42 Tex. Cr. R. 427, 60 S. W. 670; Bismark v. State, 45 Tex. Cr. R. 54, 73 S. W. 965; Roberts v. State, 51 Tex. Cr. R. 27, 100 S. W. 150.

The use of extraneous offenses to show system or intent appears frequently to have been confused in the minds of the courts. A helpful discussion dealing with the subject is found in Cascio v. State, 146 Tex. Cr. R. 49, 171 S. W. (2d) 356. Three members of this Court expressed their view in the original opinion, concurring opinion and dissenting opinion, as well as on State's motion for rehearing. Reference to the case will at least obviate the necessity of a lengthy discussion in this opinion.

While the State's motion deals only with the value of the extraneous offenses to show intent, further consideration on our part has been given to the applicability of the authorities cited in the original opinion to the instant case. In order that there may be no misunderstanding, we refer to Bartlett v. State, 117 Tex. Cr. R. 468, 38 S. W. (2d) 103, and quote therefrom the following:

"There must be such force used in connection with the circumstances of the case to establish beyond a reasonable doubt the purpose of the defendant to at the very time have carnal knowledge with the female in question, with or without her consent, regardless of how slight said force may be."

The prosecutrix in the instant case being under the age of consent the doctrine discussed in the Bartless case, supra, is more applicable, and it is expressly stated that there is no intention to overrule the holding in that case.

Believing that the original opinion properly disposed of the case, the State's motion for rehearing is overruled.