EX PARTE ALEX FREEDMAN.

No. 2822.    Decided January 27, 1904.

**Jurisdiction—Capias pro Fine—Appeal.**

After notice of appeal and the trial court has caused appellant to enter into recognizance, the trial court loses jurisdiction over the case and a capias pro fine can not properly issue.

From Navarro County.

Original application for habeas corpus for release from custody of sheriff, who held relator under a capias pro fine.

The opinion states the case.

*Callicutt & Call,* and *Ballew & Wheeler,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator filed an application for the writ of habeas curpus, which was granted and made returnable before the court at the present term. The bond was fixed at the sum of $100. By the agreed statement of facts it is made to appear that complaint was filed against Alex Freedman in the Corporation Court of the City of Corsicana,

charging him with violation of the Sunday law.  Relator was convicted and appealed to the county court.  The county court refused to dismiss the appeal, holding that the corporation court had jurisdiction to try the case originally, and the trial in the county court resulted in the conviction of relator, his fine being assessed at the sum of $25 and costs. Relator filed his motions in arrest of judgment and for new trial, which were overruled.  Thereupon he gave notice of appeal to the Court of Criminal Appeals, and entered into recognizance upon the 31st day of January, 1903.  On the 30th day of November, 1903, alias capias pro fine issued from the county court and was placed in the hands of the sheriff, and relator was taken in custody of said officer, but was not actually imprisoned, though restrained of his liberty and held subject to the order of said sheriff pending his application for the writ of habeas corpus.  When the writ was granted relator gave bond as above stated. Under the statutes authorizing appeals to this court, the judgment of the county court was final, and no valid recognizance could be entered by the county court, since the amount of the fine was not such as authorized an appeal to this court.  There being no authority for an appeal, in the very nature of things there could be no valid recognizance entered into.  Then, if there is no valid recognizance, it necessarily follows that the alias capias pro fine was proper to collect the fine and costs adjudged against relator.

The above are the views of the writer.  However, a majority of the court hold that after notice of appeal and the trial court has caused appellant to enter into recognizance, the trial court loses jurisdiction over the case.  Consequently the capias pro fine was improperly issued.  See Nelson Parsons' case, just decided.  It follows from the opinion of the majority on the question of arrest, which is solely under consideration now, that relator being illegally arrested, inasmuch as he had entered into recognizance and given notice of appeal, is entitled to his discharge. When the record showing he has entered into recognizance comes before us on appeal, we will pass on the questions involved.  The relator is accordingly discharged.

*Relator discharged.*