### Oscar Robat v. The State.

No. 6892.   Decided April 12, 1922.

**Assault to Rape—Insufficiency of the Evidence.**

Where, upon trial of assault with intent to rape, it was essential to show that a specific intent to commit rape was established, and this must go beyond the mere possibility of such intent; and where the proof failed in this regard, the conviction cannot be sustained. Following Barnes **v.** State, 88 Texas Crim. Rep., 501, and other cases.

Appeal from the District Court of Orange. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault with intent to rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*C. W. Howth,* for appellant.—Cited Ross v. State, 78 S. W. Rep., 514; Steinke v. State, 25 id., 287; Saddler v. State, 12 Texas Crim. App., 194.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Upon a conviction of assault with intent to rape, appellant is condemned to confinement in the penitentiary for a period of fifteen years.

Mrs. Wortman, a lady forty-eight years of age, is the subject of the alleged assault. While walking on the road, she met the appellant, and after passing, he spoke to her. From her testimony, we quote the following: "I turned my face towards him, and he hadn't taken his eyes off of me since he came, called me. He fixed his eyes at my face and never batted them. I turned my face. He had one hand in readiness to grab me, and had the other hand about his pocket. When he says: 'Old Miss,' I turned my face, thinking he wanted a job. He says: 'How about getting a piece?' I says: 'What did you say?' He repeated it. I says: 'Negro, I am not afraid of you, I am protected. There is a white man on the shelled road that will protect me.' He looked down towards the shelled road. He says: 'Who?' 'Where?' I says: 'He stepped just behind a clump of bushes; come go with me, I will show him to you.' He says: 'I am not going up there where there is any white man.' I says: 'Yes,

you are; if you don't want to take my word for it, you come go with me.' He made off through the woods." The lady, on meeting friends, showed indication of excitement and distress on account of the encounter.

The appellant, a negro boy, about twenty-three years of age, was apprehended and whipped. Testifying he admitted seeing the lady, but denied any assault or insulting words or conduct. The occurrence took place about five o'clock in the afternoon.

It was charged that the assault was to rape by force. To sustain the State's case, it must appear from the evidence, beyond a reasonable doubt, that the appellant made an assault with intent to have carnal knowledge of the prosecutrix by the use of such force as might reasonably be necessary to overcome resistance, taking into consideration the relative strength of the parties and the surrounding circumstances. It is essential that a specific intent to commit rape be established by the testimony and it must go beyond the mere possibility of such intent. Branch's Ann. Tex. Penal Code, Secs. 1700 and 1701, and cases listed. Illustrating the application of this rule, there will be found in Vernon's Texas Crim. Statutes, Vol. 1, p. 607, note 15, numerous cases in which the evidence has been held insufficient to support the conviction. Cases upon a similar state of facts are found in Dina v. State, 46 Texas Crim. Rep., 402; Ross v. State, 78 S. W. Rep., 503. See also Barnes v. State, 88 Texas Crim. Rep., 501; Armstead v. State, 89 Texas Crim. Rep., 477; Collins v. State, 52 Texas Crim. Rep., 457.

The fact that the conduct attributed to the appellant was atrocious and merited punishment cannot take the place of proof establishing the elements of an assault with intent to rape. This court is not justified in sanctioning a conviction where the evidence falls short of the requirements contemplated by the statute defining the offense. Dockery v. State, 35 Texas Crim. Rep., 489.

Deeming the facts revealed insufficient to support the conviction of assault with intent to rape, the judgment is reversed and the cause remanded.

*Reversed and remanded.*