### JOE SELBY V. THE STATE.

No. 9846. Delivered February 10, 1926.

Rehearing denied State March 24, 1926.

**1.—Assault to Rape—Evidence—Of Intent to Rape—Held Insufficient.**

Where, on a trial for an assault to rape, it is incumbent on the State to prove beyond a reasonable doubt that there was an assault, and also a specific intent on the part of the assaulter to commit the offense of rape. In the instant case the assault is clearly proven, but there is no evidence in the record, or by the surrounding circumstances, to show that there was a specific intent to rape. The court should have sustained a verdict of no graver offense than aggravated assault.

**2.—Same—Specific Intent to Rape—Not Shown.**

The State has filed a motion for rehearing, urging that the evidence supported the verdict of an assault to rape. It must be borne in mind that it has always been held in assault with intent to rape that the evidence must show not only the assault, but that it is also essential that the specific intent to rape be established and that it must go beyond the mere possibility of such intent. Applying as best we can these principles to the present case, we believe our original opinion reflects a correct conclusion. Following Colton v. State, 52 Tex. Crim Rep. 55, and other cases cited.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. S. Anderson, Judge.

Appeal from a conviction of an assault with intent to rape, penalty fifteen years in the penitentiary.

The opinion states the case.

*M. C. Gonzales* of San Antonio and *O. Ellis, Jr.*, of Luling, for the appellant.

*C. M. Chambers*, District Attorney, *Lamar Seeligson*, Assistant District Attorney, *Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to rape; punishment fixed at confinement in the penitentiary for a period of fifteen years.

The indictment charges an assault to rape by force.

About two o'clock in the morning, Mrs. Lindsey, the subject of the alleged assault, got in her automobile at her home in order to take her baby, which had been crying for sometime, out for a ride. She left her husband at home. Before entering the car, she observed some one on the opposite side of the street, to whom she gave little attention. The person soon disappeared. From her testimony, we quote:

"I went on up the street, and when I got on the corner he ran out to the car and said, 'Stop,' and stuck his gun at me, and I started to go on and he grabbed the keys out of the car and then he took his gun and held it on me and says, 'Move over'—pushed me over and got behind the steering wheel and he got his gun on me and says, 'Shut up, or I will kill you,' and as he started he got into the car I thought that maybe he was going to hold me up and I held out my hand

and says, 'I have got anything,' and he says, 'Shut up, or I will kill you,' just that way, and when I took hold of his gun barrel and pushed it away from me I screamed, and the car turned down Sycamore Street, and I held his gun away and when a car passed I screamed and these people went along and stopped and then he got out of the car and when he did, he knocked me down and I fell on my baby and skinned her all up and then he ran along up Gonzales Street, and he had the keys with him and we never did find the keys."

To warrant a conviction, the proof must show not only an assault but that it was made with the specific intent to commit the offense of rape. The evidence shows an assault, but we think there is an absence of proof, either by direct evidence or by the surrounding circumstances, to show that there was a specific intent to rape, that is, to then, by force, have carnal knowledge of the prosecutrix against her will. The assault may have been to rob or kidnap the prosecutrix, or for some other purpose. The assault was criminal but the evidence does not reveal the intent of the appellant. The precedents are numerous and uniform to the effect that to sustain a conviction for an assault to rape, there must be proof of the specific intent. Under the present indictment, on the evidence adduced, the court should have sustained a verdict of no graver offense than aggravated assault.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—The state has filed a motion for rehearing, urging that the evidence authorized the jury's finding that the assault was made with the specific intent to commit the offense of rape, citing in support of its contention Berry v. State, 44 Tex. Cr. R. 170, 72 S. W. 170; Washington v. State, 51 Tex. Cr. R. 542, 103 S. W. 879; Hightower v. State, 65 Tex. Cr. R. 323, 143 S. W. 1168; Love v. State, 68 Tex. Cr. R. 228, 150 S. W. 920. Duckett v. State, 68 Tex. Cr. R. 331, 150 S. W. 1177. The three last cited cases involve assaults upon girls under the age of consent and we think may be distinguished from the present case on the facts. The Berry and Washington cases do support the state's contention in so far as one fact case can aid in weighing those of another. It must be borne in mind that it has always been held in assault with intent to rape that the evidence must show not only the assault, but that it is "also essential that the specific intent to rape be established by the

evidence and that it must go beyond the mere possibility of such intent." Cotton v. State, 52 Tex. Cr. R. 55, S. W. It must be admitted that in making application of this rule some of the cases are on close lines. In the opinion in Cotton's case will be found a collation of authorities illustrating the principle there announced. In addition may be noted Curry v. State, 4 Tex. Cr. App. 574; Dina v. State, 46 Tex. Cr. R. 402, S. W.; Robatt v. State, 91 Tex. Cr. R. 468, 239 S. W. 966. We commend the zeal of Hon. C. M. Chambers, district attorney, and his assistants in briefing the cases appealed to this court in which prosecutions have been conducted by them. It has been of great aid to the court and to our State's Attorney. In the present case, however, our opinion does not coincide with theirs. Applying as best we can the principle last above referred to in the present case we believe our original opinion reflects a correct conclusion.

The state's motion for rehearing is overruled.

*Overruled.*