## L. N. McAvoy v. The State.

### No. 1739.    Decided June 21, 1899.

**1. Assault with Intent to Rape a Female Under Fifteen Years of Age— Indictment—Counts.**

An indictment for assault with intent to rape is neither repugnant, duplicitous, nor invalid which contains two separate and distinct counts,—one for assault with intent to rape a woman by force, she being under 15 years of age; and the other for assault, without allegations of force, to rape a child under 15 years of age, she not being the wife of the accused.

**2. Same—Allegation of Force—"Ravish"—"Carnally Know."**

The use of the word "ravish," in an indictment for rape or assault to rape, presupposes force in the carnal act or attempted carnal act; and where the indictment alleges that the act was to "ravish and carnally know" a female under 15 years of age, the prosecution is supported, with or without proof of force. The words, "carnally know," alone, do not charge force when applied to a female under 15 years of age.

**3. Same—Charge.**

On a trial for assault with intent to rape a female under 15 years of age, where the indictment contains two counts, one for an act committed with force, and the other for an act committed without force,—it is error for the court to intermix and mingle the two phases in a single instruction. The defendant has the right to a clear and distinct enunciation of the different phases of the law applicable to the facts.

**4. Same—Charge—Technical Words.**

Where the court uses words in the charge which are purely technical, it is better to explain their meaning to the jury.

**5. Same.**

The slightest touching of the person of a female child with the ulterior purpose and intent to force his male member into her female organ, constitutes an assault with intent to rape. Following Croomes v. State, 40 Texas Criminal Reports, 672.

Appeal from the District Court of El Paso.   Tried below before Hon. A. M. Walthall.

Appeal from a conviction for assault with intent to rape a female under 15 years of age; penalty, ten years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion.   Defendant filed a motion to quash, which was overruled.

No statement necessary.

*Jay Good,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at ten years confinement in the penitentiary.

The indictment, in the charging part, is as follows: "That L. N. McAvoy, on or about the 18th day of December, A. D. 1897, and anterior to the presentment of this indictment, in the county and State aforesaid, in and upon Carrie Race, a woman, then and there under the age of fifteen years, did make an assault, with the intent then and there to commit the offense of rape upon said Carrie Race by then and there, without the consent of the said Carrie Race, attempting by force, threats, and fraud to have carnal knowledge of her, the said Carrie Race, the said Carrie Race not being then and there the wife of the said L. N. McAvoy; against the peace and dignity of the State. And the grand jurors aforesaid, upon their oaths aforesaid, do further say, charge, and present in and to the District Court of El Paso County, Texas, at the January term, 1898, thereof, that heretofore, on or about the 18th day of December, 1897, in El Paso County, in the State of Texas, L. N. McAvoy did then and there in and upon Carrie Race, a female, then and there under the age of fifteen years, make an assault, with the intent on the part of him, said L. N. McAvoy, then and there, by means of said assault, her, the said Carrie Race, to ravish and carnally know, she, the said Carrie Race, not being then and there the wife of him, said McAvoy; against the peace and dignity of the State." Appellant filed a motion to quash the indictment for the reason that it alleges in one place that Carrie Race, the party alleged to be assaulted, was a woman, and in another place that Carrie Race was a child under the age of 15 years, and could not consent to the defendant having carnal intercourse with her; and that the defendant, in order to properly prepare his defense, had a right to know whether he was charged with assaulting a woman capable of consenting to carnal intercourse, or a child under the age of 15 years. We do not think there is any merit in this contention. An inspection of the indictment shows that it has two separate and distinct counts,—one of assault with intent to rape a woman by force, she being under 15 years of age; and

another to rape a child under the age of 15 years, with allegations of force and without force. In this connection, however, we desire to call attention to a clause in the indictment wherein appellant is charged with assault with intent to rape a child under 15 years of age. It states •that "L. N. McAvoy did then and there in and upon Carrie Race, a female, then and there under the age of fifteen years, make an assault * * * to ravish and carnally know," etc. We have heretofore held that the word "ravish" presupposes force in the carnal knowledge, and we hold that where the indictment alleges "ravish and carnally know," and also stated that the party is under 15 years of age, that the prosecution can be successfully maintained by proving force or not, according to the proof in the case; in other words, we hold that such an indictment charges force by the use of the word "ravish," and that the term "carnally know" does not charge force, when applied to a female under 15 years of age. We think this indictment is good.

Appellant, in his motion for new trial, complains of ·the following portion of the court's charge, to wit: "Now, if you believe from the · evidence in this case, beyond a reasonable doubt, that the· defendant, in the county of El Paso, and State of Texas, on or about the 18th day of December, 1897, did make an assault upon the person of Carrie Race with an intent on his part then and there to commit the offense of rape upon her, the said Carrie Race, by then and there, with or without her consent, having carnal knowledge of her; and if you further believe from the evidence beyond a reasonable doubt that the said Carrie Race was then and there a female under the age of fifteen years, and not the wife of the defendant, L. N. McAvoy; and if you further believe from the evidence beyond a reasonable doubt that at the time defendant made said assault upon the said Carrie Race (if you find that he did make said assault upon her) that the defendant intended to gratify his passion upon her person, and to the extent above defined, and that he intended to do so at all events, and notwithstanding any resistance on her part; and if you further believe from the evidence that at the time of said alleged assault the said Carrie Race did not then and there give her consent thereto, and should you so believe beyond a reasonable doubt,—then you will find the defendant guilty of assault with intent to rape, as charged in the first count in the indictment, and assess his punishment at confinement in the penitentiary for any term· of years not less than two." An inspection of this charge shows that it is a contradiction in terms. We do not mean to be understood as saying that, where the evidence authorizes it, the court should not be permitted to charge an assault with intent to rape by force or without force as the circumstances may authorize; but we do not think it is proper to mix and mingle these two charges as has been done in this case. We think appellant has a right to clear and distinct enunciation of the different phases of the law applicable to the

facts of the case. This charge does not award him this privilege. We think the charge was erroneous in the particulars pointed out.

Appellant further complains of the charge of the court in telling the jury that "the slightest entry, however,—even an entry between the labia of the pudendum,—would constitute rape," etc. We think it would be better, where technical words of this character are used, to explain to the jury the meaning of the same.

Appellant also complains that the court erred in instructing the jury that the slightest touching of the person of Carrie Race, with the ulterior purpose and intent on the part of defendant at the time to force his male organ into the female organ of the said Carrie Race, would constitute an assault with intent to rape. This charge would be applicable to the second count of the indictment. This was decided adversely to appellant's contention in Croomes v. State, 40 Texas Criminal Reports, 672, and for a discussion of the principle of law involved in this matter, and the special charges asked by appellant, reference is made to the opinion in that case. We do not think it necessary to review the other assignments of error. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*