MACEDONIO MUNOZ AND ANSELMO ARREDONDO v. THE STATE.

No. 18881.    Delivered April 7, 1937.

The opinion states the case.

*Roger H. Thurmond,* of Del Rio, for Macedonio Munoz.

*Schlesinger, Schlesinger & Goodstein,* of San Antonio, for Anselmo Arredondo.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellants were convicted of the offense of an assault with intent to commit rape, and their punishment was assessed at confinement in the state penitentiary for a term of twenty years.

The indictment in this case contains two counts. The first count charges that Macedonia Munoz and Anselmo Arredondo on or about the 17th day of September, 1936, in Val Verde County did unlawfully in and upon Mary Ann Scales, a woman, make an assault, with the intent then and there without her consent by force, threats, and fraud to have carnal knowledge of her. The second count charges that on said day they made an assault upon said Mary Ann Scales, a female under the age of eighteen years, other than the wife of either of said defendants with the intent then and there to ravish and have carnal knowledge of her. The court submitted the case to the jury upon both counts. The jury found both of appellants guilty of said offense under the first count in the indictment.

Appellants most earnestly contend that the evidence is insufficient to sustain their conviction on the first count in the indictment. By reason of said contention we deem it proper to briefly state the pertinent and salient facts adduced by the State upon the trial. On the night of September 17, 1936, Mary Ann Scales, the alleged injured female, and a number of her friends, both male and female, were out riding on their

bicycles on the Eagle Pass road. They stopped at the Flores Place across San Felipe Creek where some of the party drank water while others purchased something to eat. Two Mexicans were present at the time and one of them offered the alleged injured female a nickel with which to purchase a Coca Cola after she had expressed a desire for some water, but she declined the offer. From there the party crossed on the bridge going up the hill on the Eagle Pass road. One of the young ladies could not make the grade and she stopped on the side of the road. The alleged injured female and her male companion continued their ride to the top of the hill. After reaching the crest of the hill they stopped to rest before starting on their return trip. While they were resting on the side of the road they noticed a car coming up the hill. It passed them, turned around, and came back down the hill to where the young lady and her companion were resting. When the car had reached a point opposite them it stopped. When it stopped she and her companion started down the road, but were overtaken by the parties in the car. They then got out of the car and one of them, Macedonio Munoz, expressed a desire to talk to her. She told him to go ahead and talk. He went on one side of her bicycle, caught hold of the handle bar with one hand and held a car crank in the other. The other Mexican, Arredondo, came on the other side of her bicycle, took hold of the handle bar and the two pulled her up to the rear of the car. Her male companion protested against the act and conduct of the men and finally left to summon aid. During his absence Munoz put his arm around her and kissed her on the cheek. Whereupon she struck and kicked him and he slapped her. In the difficulty they were tripped up and both fell to the ground. The two Mexicans returned to their car, but Arredondo came back and offered an apology to the young lady for their conduct. He then returned to the car and they left, whereupon she rode down the hill and joined her friends.

The testimony as above set forth clearly shows an aggrevated assault by the appellant Munoz, but we fail to find any testimony in the record which shows or from which a logical conclusion could be drawn that appellants, or either of them, sought by force to have sexual intercourse with her. It is true that the testimony shows that Munoz put his arm around her, kissed her, and when she hit and kicked him, he slapped her. But neither Munoz or Arredondo expressed any desire to have sexual intercourse with her and made no offensive suggestion to her. No determined effort on the part of either of the appel-

lants to overcome any and all resistance on the part of the alleged injured female is shown. It is now the well established and recognized rule in this State that in cases of this nature the evidence must establish the intent to rape. The mere fact that a male person may embrace a female and kiss her against her will and over her protest without any overt act or suggestion showing a present intent on his part to have sexual intercourse is insufficient to establish the intent to commit rape. To constitute the offense of an assault with intent to commit rape the proof must not only show an assault, but it must go further and show that the party who made the assault then and there had the present intent to have sexual intercourse with the alleged assaulted party. The very question involved in this case has many times been before this court and fully discussed and we see no good reason why we should again enter upon a detailed discussion thereof. See Cromeans v. State, 59 Texas Crim. Rep., 611; Dockery v. State, 35 Texas Crim. Rep., 487; Hancock v. State, 47 S. W., 465; Vinsen v. State, 277 S. W., 644.

Having reached the conclusion that the testimony is insufficient to sustain the conviction of the appellants of the offense of assault with intent to commit rape, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.