# DECEMBER 21, 1938

## J. R. BELL v. THE STATE.

No. 20000. Delivered December 21, 1938.

The opinion states the case.

*John Vickers* and *Vickers & Campbell,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape; the punishment, confinement in the penitentiary for two years.

Opal Featherston, the prosecutrix, was 13 years of age, and a student in the Klondike school in Dawson County at the time of the alleged offense. On the 15th of April, 1938, appellant, accompanied by Blackie Frazier, had come from Lubbock to Klondike for the purpose of making deliveries to certain stores. During the noon hour he and Frazier drove to the school grounds, where they received permission from one of the teachers to play basket ball. They went into the gymnasium, where many of the students, including prosecutrix, were playing. At the time there were approximately 180 children playing in the gymnasium and on the school grounds. According to the testimony of prosecutrix, she was standing in the door of the gymnasium when appellant and Frazier entered. She had never met or seen either of said parties prior to that occasion. After appellant and Frazier had finished playing basket ball Frazier asked Reba Mae Loftin and her to go out to the truck with him and appellant. They did not want to go but appellant and Frazier took them by the arms and led them to the truck. Neither she nor Reba Mae Loftin made any outcry. After they had entered the truck they proceeded to a point near where some girls were hiding Easter eggs. After the truck had stopped appellant got out and "pulled" prosecutrix out. Appellant then hollered to the girls who were hiding Easter eggs to come over to the truck, which they declined to do. He and prosecutrix then re-entered the truck and, in company with Frazier and Reba Mae, proceeded to a cross road. When the truck was stopped at that point either prosecutrix or Reba Mae took the ignition key. However, either appellant or Frazier secured the key and drove the truck "to a lake" which the witnesses said was "by the side of the road."

According to the testimony of prosecutrix, when the truck stopped at the lake, appellant pulled her out of the cab, against her wishes, and put her in the back end of the truck, where she and appellant remained for about fifteen minutes. She said: "He just laid me down on my back and kissed me once or twice and that was all." Further, she testified that appellant placed his hand on her underclothes. Upon cross-examination she tes-

tified, in part, as follows: "When Mr. McKenzie [referring to the superintendent of the school] came up there we were in the back of the truck. Bell [appellant] was back there with me. In getting into the back end of the truck I went over the bed of the truck. * * * I got in the truck bed on the side by stepping up on the side. * * * I just don't remember which one of us got into the truck bed first. * * * When we got in the back end of the truck we got on the floor right close to the back end of the truck bed. I never did pull off any of my clothes. The defendant never did pull off any of my clothes. He didn't do anything. He didn't do any vulgar talking to me. He didn't make any vulgar propositions to me. He didn't try to take anything away from me, or anything like that. There wasn't any vulgar or indecent talk at all."

Frazier and Reba Mae were sitting in the cab during the time appellant and prosecutrix were in the bed.

Appellant denied that he had forcibly taken prosecutrix from the school ground and denied that he had kissed her or fondled her person in any manner. He said that prosecutrix suggested that they get in the truck bed and they were sitting there at the time Mr. McKenzie, the superintendent of the school, appeared.

We think appellant's contention that the evidence is insufficient to support a conviction for an assault with intent to rape must be sustained. To sustain a conviction for assault with intent to rape the proof must show an assault, and, further, that the party who made the assault then and there had the present intent to have sexual intercourse with the alleged assaulted party. Munoz v. State, 104 S. W. (2d) 25. We think the testimony fails to show that appellant had the present intent to have sexual intercourse with prosecutrix.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.