GRIFFIN v. STATE.

No. 23799.

Court of Criminal Appeals of Texas.

Dec. 3, 1947.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to rape by force is the offense; the punishment, ten years in the penitentiary.

The State's testimony shows:

About noon of Sunday, May 19, 1946, prosecutrix, seventeen years of age, was standing on a street in the city of Amarillo waiting for a bus to ride to town, where she worked as a telephone operator. Appellant, with whom she was not acquainted or whom she had never seen before, drove up in an automobile and inquired if she wanted to ride to town. She declined, saying that the bus would soon come by. Thereupon, appellant drew a pistol, pointed it at her, and ordered her to get into the car. She obeyed the order and got in, and appellant drove away. Soon after getting into the car, prosecutrix inquired of appellant as to what it was all about or what he was going to do—to which appellant replied, "I am going to get in your pants." The car was driven into the country, during which time the pistol was between appellant's legs on the seat of the car. During the ride appellant attempted to fondle prosecutrix' person and, at one time when prosecutrix attempted to get out of the car, appellant pulled her to his side and said that she had to do what he wanted her to do or he would kill her. The car was stopped at a gate leading into a pasture. Appellant got out of the car to open the gate. Thereupon, prosecutrix moved into the driver's seat and attempted to drive away. Appellant prevented her from so doing. The clip—that is, the magazine containing the cartridges—was lying on the seat of the car. This the prosecutrix threw across the road. Appellant then drove a short distance into the pasture where he again drew the pistol and ordered her out of the car, saying that if she did not he would kill her. Prosecutrix, knowing the magazine was not in the pistol, told him to go ahead and shoot. She said she was not scared. Appellant then tried to forcibly take prosecutrix from the car. A scuffle or fight ensued, at the termination of which, prosecutrix testified, "Then, somehow, I don't know why, he decided he would bring me back to town, and we started back to town." She admitted that at no time while they were in the pasture did appellant demand that she surrender her person to him. At no time during the incident did prosecutrix get

out of the car. Upon arriving at the pasture gate, appellant picked up the magazine clip, put it in the pistol, placed the pistol in the glove compartment of the car, and drove back to town to the telephone office, where prosecutrix got out of the car. On the way back, appellant had opportuned her not to tell anyone about what had happened. She immediately reported the incident to her supervisor, who, in turn, notified the officers. Appellant was arrested the next day.

Appellant, testifying as a witness in his own behalf, said that when he asked prosecutrix if she wanted to ride, she agreed and voluntarily got into the car. After she got into the car, he told her that he wanted to see a party in the north part of town and asked if she wanted to go with him. She replied that it was agreeable provided he got her to work by one o'clock. He admitted that he drove into the country and into the pasture and that he attempted to put his arm around her when she fought him, after which he brought her back to town. Appellant denied that he had a gun, that he drew it upon her, or attacked or fought her in any way, or that he at any time told her he was going to "get in her pants." Appellant weighed 180 pounds; prosecutrix, 130 pounds.

The sufficiency of the evidence to support the conviction is challenged. Under the authorities of Cromeans v. State, 59 Tex.Cr.R. 611, 129 S.W. 1129, Huebsch v. State, 94 Tex.Cr.R. 461, 251 S.W. 1079, Bartlett v. State, 117 Tex.Cr.R. 468, 38 S.W.2d 103, Bell v. State, 135 Tex.Cr.R. 651, 122 S.W.2d 630, Munoz v. State, 132 Tex.Cr.R. 218, 104 S.W.2d 25, Cockrell v. State, 144 Tex.Cr.R. 549, 165 S.W.2d 108, Caddell v. State, 44 Tex.Cr.R. 213, 70 S.W. 91, the question is not without difficulty. We pretermit a determination of this question in view of the fact that the case is to be reversed upon another question.

After defining the terms "assault" and "rape", the trial court instructed the jury as follows: "Bearing in mind the instructions hereinbefore and elsewhere given in this case, if you find and believe from the evidence, beyond a reasonable doubt, that in the county of Potter and state of Texas, on or about the 19th day of May, 1946, the defendant, T. R. Griffin, did then and there, unlawfully and by means of force or threats, make an assault upon Peggy Bryson, and that said assault, if any so committed, was made with the intent of the defendant then and there to have carnal knowledge of the said Peggy Bryson, with or without her consent, and that the said Peggy Bryson, a female person, was then and there under the age of 18 years and was not then and there the wife of defendant, as is charged in the first count of the indictment, then if you so find you should find him guilty of the offense of assault with intent to rape, and assess his punishment at imprisonment in the penitentiary for any period of time, not less than two years, as you may determine and say in your verdict; but if you do not so find and believe from the evidence, beyond a reasonable doubt, you should acquit him of said offense of assault with intent to rape."

This is the only instruction upon the subject of assault with intent to rape. No affirmative defense was submitted.

It was appellant's contention that the testimony of the prosecutrix raised an issue of fact as to the intent on his part to rape—that is, a present intent upon his part to subject the prosecutrix to his will, whether she consented or not, and that such issue should have been submitted to the jury by a proper instruction. An exception was reserved to the charge, which is deemed sufficient to present this contention for review.

Under the charge, as given, the jury was authorized to convict appellant of assault with intent to rape upon facts showing that appellant touched the prosecutrix or drew the pistol upon her with the ulterior purpose of having intercourse with her. At one time in the judicial history of this State, such facts were held to be sufficient to constitute assault with intent to rape. McAvoy v. State, 41 Tex. Cr.R. 56, 51 S.W. 928. But the McAvoy case and the rule announced therein were expressly overruled in the Cromeans case, supra. The prevailing rule, as announced in the Cromeans case and consistently

since followed, appears to be that to constitute the offense of assault with intent to rape there must be a present intent on the part of the accused to subject the prosecutrix to his will, with her consent or not, so that he may then, at the very time, have intercourse with her.

 Under the facts here presented, we are constrained to agree with the appellant that he was entitled to have the jury instructed in accordance with the rule stated.

From what has been said, it follows that the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.