BEN DYER V. STATE.

No. 24198. December 22, 1948.

Hon. J. E. Carter, Judge Presiding.

*J. V. Patterson*, of Decatur, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to rape upon a young lady seventeen years of age and awarded a penalty of two years in the state penitentiary.

The State's testimony shows that this young lady, in company with two or three younger girls, had attended a moving picture show at night in Decatur in said county. They witnessed the first show, had left the theater and were across the street

therefrom when a foster son of appellant there accosted the 17-year-old girl and told her that the manager of the show wished to see her. She started back to the theater, followed by the little girls, and was told by the boy that the manager wanted to see her alone. She stepped in his office and was then embraced by the boy, who placed his arms around her and told her that "we are going to have some pussy." She shoved him away from her and started out the door. In the meantime, appellant appeared in the office and said: "Yes, we are", and then grabbed at her. He did not grab her any more because she ran out. It scared her and she started walking away very mad, whereupon this boy started following her. She and her little nieces then ran away and went home. She told her sister, the mother of these little girls, what had happened. This all took place while the show was going on. She was so frightened that she made no outcry at the time. The next day her father filed a complaint against the appellant, and they had procured a lawyer to sue him on account of this treatment.

Appellant and his foster son both denied making or hearing any such statement and gave their explanation of her presence in his office at the time which was evidently not accepted by the jury.

We do not think that the testimony is sufficient to show appellant guilty of an assault with intent to rape when viewed in a light most favorable to the State.

Regardless of the age of the female, there must be some indication of an intent to commit the offense of rape, that is, to have carnal knowledge of the female by the use of such force as might reasonably be supposed to overcome resistance, taking into consideration the relative strength of the parties, etc. See Branch's Crim. Law, p. 454, sec. 714, and many cases there cited. However, it is recognized that on account of the age of the female in this instance the general rule above stated must yield to the fact that she is not required to resist any efforts to such an assault. Nevertheless, the elements of the intent of the assault must be present in order to convict. While the early decisions appear to be in conflict relative to the elements of the assault (Cromeans v. State, 59 Tex. Cr. R. 611,129 S. W. 1129; Hardin v. State, 39 Tex. Cr. R. 436, 46 S. W. 803), still we think it clear that the law written in Bartlett v. State, 117 Tex. Cr. R. 468, 38 S. W. (2d) 103, states the proper holding, wherein it is said:

"There must be such force used in connection with the circumstances of the case to establish beyond a reasonable doubt the purpose of the defendant to at the very time have carnal knowledge with the female in question, with or without her consent, regardless of how slight said force may be."

In the present instance, the State's proof of the actions of the foster son of appellant evidences reprehensible conduct, and the appellant's statements relative to the remarks of such son are certainly to be condemned. Nevertheless, these actions fall short of evidencing an assault with intent to presently have carnal knowledge of this girl.

Thus believing, the judgment is reversed and the cause remanded.