SANTOS RAMOS V. STATE.

No. 24513. December 21, 1949.

90

*William W. Allen,* and *Earl S. Zucht,* Laredo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for assault with intent to rape, with punishment fixed at life in the penitentiary as an habitual offender (Art. 63, P. C.).

The sufficiency of the evidence to support the conviction is challenged. As to this, we state the facts in the light most favorable to the state.

Prosecutrix, almost nine years of age, was on her way home from school when appellant, a forty-one-year-old man, whom she had not theretofore known, rode up to her on a bicycle and inquired if she could read. Upon her affirmative reply, he produced a piece of paper upon which was the address of a person unknown to either of them and asked her to read it to him, as he did not know what it was or where it came from. Appellant then produced and exhibited to prosecutrix some five or six lewd pictures of nude men and women and commented thereon. As to what then occurred, we quote from the testimony of prosecutrix, as follows:

" . . . . . . and all that time he put his arm around me and drew me closer and he had me inside the bicycle, and he had his leg like that (indicating), he had his leg in back of me and I was inside his legs and he had his hand around me and with his other hand he was showing me the pictures, and with the hand that he had around me he was drawing me closer to him until finally he had me between his legs. With one hand he was showing me these pictures that I have described. I do not know right now what size those pictures were. I have looked at these cards of different sizes that you have placed here. The pictures were approximately the size of this card, which you say is about an inch and a quarter wide by about two inches long. All the time he was drawing me closer to him, and all this time I was thinking of how I could run home or something. I tried to get away from him, and he just kept his arm harder, he just kept it real hard and I could not get back and he drew me very close and I wanted to get back and he drew

me closer, and then one time it was a little looser, and I saw his leg that I could jump it or something, and he put his hand down off my shoulder and I threw his leg off and started running, and he went after me on his bicycle, and I got into a little girl's house name Elida Lindo Gutierrez, and then I called to her, and he said, 'What are you doing there?' And I said, 'I have always been to this house I have been to take my piano lesson.' He chased me about one block and I went into this little girl's house. There is a house between my grandmother's and that little girl's and I went to the back yard of the house in between and then I went to my grandmother's, and I went to the back of the garage and my house is right across the street from my grandmother's, and I just crossed the street and I got into the house and I just put my books down and I told my mother. I told my mother right away, as soon as I got home. I told it the way I have told it to the Court and this jury."

Upon cross-examination, prosecutrix admitted that appellant at no time exhibited any part of his body to her, removed or unbuttoned any of his clothing, or suggested engaging in an act of sexual intercourse.

Appellant did not testify as a witness in his own behalf. Testimony of disinterested witnesses raised the defense of alibi.

In the case of Adams v. State, 152 Tex. Crim. R. 492, 215 S. W. 2d 327, we reaffirmed the rule of long standing that to constitute an assault with intent to rape there must exist the specific intent to commit rape—that is, to have carnal knowledge of the female.

While appellant's conduct is here shown to be reprehensible and deserving of punishment, it falls short of evidencing an intent to commit the crime of rape. It is for this crime, and no other, he stands here convicted. We cannot bring ourselves to the conclusion that the facts show appellant guilty of the offense charged. As supporting this conclusion, see Adams v. State, supra; Dyer v. State, 152 Tex. Cr. R. 534, 215 S. W. 2d 885; Rutkowski v. State, 137 Tex. Cr. R. 541, 132 S. W. 2d 880; Lacey v. State, 137 Tex. Cr. R. 87, 127 S. W. 2d 890; Bell v. State, 135 Tex. Cr. R. 651, 122 S. W. 2d 630; Munoz v. State, 132 Tex. Cr. R. 218, 104 S. W. 2d 25, and authorities therein cited.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.