**Holland DEMING, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37866.**

Court of Criminal Appeals of Texas.

March 3, 1965.

Robert C. Benavides, Dallas, for appellant.

Henry Wade, Dist. Atty., John Vance, Frank Watts and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, 50 years.

Prosecutrix, a public health nurse, testified that on the morning in question while on her accustomed rounds visiting in the homes of those to whom she rendered service, she observed a particular young colored man near several of the houses where she stopped, that finally he approached her and in response to her inquiry offered to show her where she might find a certain family. At her invitation he got in the automobile with her, but after traveling several blocks in both directions, she stopped at a corner in order to look up a certain street. The street on which she stopped had houses on

one side but vacant lots covered with tall grass on the other. She stated that at this juncture appellant grabbed her around the neck with his left arm and put a ball point pencil to her throat saying "Don't scream, I'll kill you." When she inquired if he wanted her money, he replied, "No, I want some pussy", and threatened to put the pencil through her throat and instructed her to "back the car up." She testified that he released his hold momentarily but then jerked her back and began to hit her on the face, breaking her glasses and cutting the inside of her lip. Finally she was able to extricate herself from his grasp and ran down the street screaming for help. She soon arrived at the home of a colored family, reported that she had been assaulted by a colored man and asked for help. The man who was present refused, but a woman accompanied her back to her automobile. She then drove to her office, reported the matter to her supervisor, and the police were notified. Her superior and the doctor in charge of her service and the officers who responded to the call testified as to her bruised condition. That afternoon she identified appellant in a police lineup.

Appellant was arrested a short time after the prosecutrix reported the matter and within an hour signed a written confession which coincides with prosecutrix' testimony. When the confession was offered in evidence the court inquired "Object?", to which counsel replied "not at this time." When the prosecutor began to read the confession counsel stated, "We only have this objection, Your Honor, that the proper predicate has not been laid for the introduction of the statement." When the court admonished the prosecutor "Prove that he signed this statement," the prosecutor reminded the court that the witnesses had testified as to the warning and the signing, and the court overruled the objection and the confession was read to the jury. No request was made to retire the jury, and at this juncture in the case there had been no evidence to indicate anything as to involuntariness.

Appellant, testifying in his own behalf, gave substantially the same account of the transaction except that he stated that prosecutrix had questioned him as to his marital status and that he then proposed "intercourse" and "I guess she got scared." He stated that as she fled the automobile he slapped her because he then realized that she was going to get him in trouble and denied that he choked her or intended to have intercourse with her against her will. As to the confession he testified that the arresting officers were Mr. Patton, whom he knew, and Mr. Bice, that upon their arrival at the City Hall he rode up in the elevator with Mr. Bice, who slapped him and hit him in the stomach, that Mr. Hall, who took the statement, told him that if he signed the confession it would keep him from getting the electric chair and contended that Hall did not properly reduce into writing what he had told him. He admitted that he spoke to Officer Patton alone before he signed the statement.

All of the officers named and a non-officer witness to the confession denied any brutality or deception in securing the confession and stated that the entire transaction consumed not more than an hour after they arrived at the City Hall. Officer Patton testified that appellant asked to speak to him alone while he was being interrogated by Mr. Hall and stated, "He wanted to know what to do in regards to signing the statement. I told him that I couldn't give him any legal advice. He would just have to let his conscience be his guide and do whatever he thought was right." Appellant was not called in rebuttal after Patton testified. We have not detailed the testimony of the 18 witnesses who testified, but the above constitutes the salient points in the case.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction. We observe at the outset that the prosecutrix and appellant were strangers of different races and had been together only a few minutes before prosecutrix fled screaming from her automobile. Prosecutrix weighed 115 pounds while ap-

pellant. was 6'2" tall and weighed 175 pounds. Appellant introduced several pictures of the underprivileged area where this offense was alleged to have been committed and one of them does depict that one side of Norwich Street, on which it is agreed they were traveling, is covered with thick underbrush and trees and no houses are visible, which rebuts appellant's assertion that appellant would not be expected to consummate his purpose in this "fairly well populated area of West Dallas."

Adams v. State, Tex.Cr.App., 215 S.W.2d 327, upon which appellant relies, is easily distinguishable because in that case there was no stated purpose of an act of intercourse. In Dyer v. State, Tex.Cr.App., 215 S.W.2d 885, also cited in appellant's brief, there was no physical contact between the appellant and the prosecutrix, according to her testimony.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.