**Thomas PURYEAR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40986.**

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Motion to Reinstate Appeal Overruled March 20, 1968.

On Merits May 8, 1968.

---

Charles W. Fairweather, Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

The offense is Assault with Intent to Commit Rape; the punishment, two (2) years confinement in the Texas Department of Corrections.

Sentence was pronounced on November 1, 1967, and notice of appeal was given on June 16, 1967.

Notice of appeal was not given within the time prescribed by Article 44.08(c), Vernon's Ann.C.C.P., and there is nothing in the record to show that the trial court for good cause shown permitted the giving of such notice after the ten (10) days allowed had expired.

The appeal is dismissed.

## OPINION

### ON MOTION TO REINSTATE APPEAL

PER CURIAM.

Appellant's motion to reinstate the appeal is not accompanied or supported by supplemental transcript or other certification that notice of appeal was given or filed after sentence was pronounced and within the time allowed by Art. 44.08 Vernon's Ann.C.C.P., Sections (a) or (c).

The motion to reinstate the appeal is overruled.

## OPINION ON MERITS

MORRISON, Judge.

The record has now been perfected, and the appeal will be considered on its merits.

■ Appellant challenges the sufficiency of the evidence to support the conviction. Prosecuting witness, a married woman for 18 years with six children, testified that on the night in question while driving a friend of one of her children home in the rural section of Wheeler County, she had a blowout and that when she and the boy discovered that her spare was flat, he left her, rolling the spare toward a filling station slightly more than one-half mile away. In a short while the boy returned in a pickup truck which was driven by appellant, whom she did not know. Shortly thereafter the boy's family came by and he went with them, leaving her alone with appellant, and the two of them finished changing the tire, at which time appellant suggested that she drink a beer with him as "thanks" for his efforts. When she stated that she did not drink, he then suggested that she "kiss him" as her "thanks" and when she declined, he grabbed her and twisted her arm behind her back and said, "Give me some pussy." She stated that they "scuffled for a long long time and he was talking that way all the time." She

stated that she broke away from him once and he grabbed her sweater and held it in such a manner that it was choking her "so bad that I had to step back, and he grabbed hold of me again." She stated that she finally started screaming, hoping that the people at the filling station might hear her and that appellant then let her go. She went to her automobile and he followed her and asked if she was "mad at him". She then drove to the school where the community had gathered for a basketball game and reported the assault to a woman friend. Immediately upon her husband's return home from work in the oil field, she reported the same to him and to the officers the next morning.

Prosecutrix' husband testified that upon his arrival at home at midnight he found prosecutrix alone on the back porch crying, "practically near hysteria" and that "she had a red whelt on her neck and her wrist was real sore and red and hurt", and "her neck was real red." He testified that he did not take her to a doctor because she did not want to go and that he did not get in touch with the sheriff until the next morning because his wife expressed fear of being left alone.

In support of his contention that the evidence is insufficient, appellant relies upon the following cases. In Ross v. State, Tex.Cr.App., 78 S.W. 503, the accused was a 14 year old boy and no further distinction is necessary. Fewox v. State, 49 Tex.Cr.R. 172, 90 S.W. 178, was reversed on the court's charge. In Munoz et al v. State, 132 Tex.Cr. 218, 104 S.W.2d 25, the court was careful to point out that neither Munoz nor his companion expressed any desire to have sexual intercourse with the prosecutrix or made any offensive suggestion. Like Fewox, Griffin v. State, 151 Tex.Cr.R. 185, 206 S.W.2d 259, was reversed on the court's charge. In the case at bar the court charged on aggravated assault as well as assault with intent to rape.

Appellant did not testify or offer any evidence in his own behalf.

Though not without difficulty, we have concluded that the relatively recent opinions by this Court in Clay v. State, 157 Tex.Cr.R. 32, 246 S.W.2d 180, and Baker v. State, 170 Tex.Cr.R. 388, 341 S.W.2d 435, authorize a holding that the evidence was sufficient to support the conviction.

 We overrule appellant's contention that the State failed to prove that the offense occurred in Texas and failed to prove venue. No issue was made as to venue in the court below, and the indictment was returned and trial was had in Wheeler County, Texas.

The judgment is affirmed.