**Affirmed and Opinion Filed February 22, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01360-CR

**LUIS ANTONIO ESCOBEDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-84010-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

A jury convicted Luis Antonio Escobedo of continuous sexual abuse of a child, K.S., and sentenced him to 60 years' confinement. In two issues, appellant argues the evidence is legally insufficient to support the conviction and to establish venue in Collin County. We affirm the trial court's judgment.

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). We uphold a verdict if any rational trier of fact could have found all the essential elements of the offense proven beyond a

reasonable doubt. *Id.* "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The finder of fact is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that the finder of fact may choose to believe or disbelieve all, some, or none of the evidence presented. *Id*. The evidence is sufficient to support a conviction if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* at 655-56 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

As is relevant here, a person commits the offense of continuous sexual abuse of a child if:

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is [ ] a child younger than 14 years of age[.]

TEX. PENAL CODE ANN. § 21.02(b)(1), (2)(A). Section 21.02 of the penal code defines "act of sexual abuse" as including, among other things, an act that constitutes

the offense of aggravated sexual assault and indecency with a child. *Id*. § 21.02(c)(2), (4). A person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and the victim is younger than fourteen years of age. *Id*. § 22.021(a)(1)(B)(i), (a)(2)(B). A person commits the offense of indecency with a child if he "(1) engages in sexual contact with the child or causes the child to engage in sexual contact; or (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or (B) causes the child to expose the child's anus or any part of the child's genitals." *Id*. § 21.11(a)(1), (2).

Appellant is K.S.'s stepfather, and he was over 17 years old when he began abusing her. K.S. testified she did not remember when appellant began doing "inappropriate things" to her such as "groping her butt," but she was "really young," which she believed was kindergarten or first grade. During the timeframe when she started third grade, appellant would "grab my breast, my behind, and my private area." K.S. described several instances when appellant made her touch his penis. Sometimes, he ejaculated on to K.S.'s hand.

K.S., appellant, and the family moved from Dallas to Plano when she was about twelve years old. At their Plano residence, appellant continued forcing K.S. to put her hand on his penis "a little more than once a week." She described how appellant forced her hand to interact with his genitals and testified appellant

sometimes ejaculated. Appellant also increased the frequency with which he would touch her breasts and bottom. K.S. described one instance when appellant forced his hands into her underwear and touched her pubic region and an incident when he attempted to put a foreign object into her vagina. She testified there were times when appellant inserted his fingers into her vagina, stated "[h]e did oral on me," and testified he forced her to perform oral sex on him. K.S. testified about appellant putting his penis inside her vagina when she was finishing eighth grade and had not yet turned 14.

Appellant's other stepdaughter and his biological daughter testified about being sexually abused by appellant. K.S.'s mother also testified at trial.

Appellant concedes on appeal that the "record shows an overabundance of sexual [sic] abusive acts alleged by" K.S. and her sisters. However, he "asserts that all signs point to [K.S.'s mother] as the initiator and promoter of these false allegations." We reject this argument.

K.S. testified to all of the elements of the offense, and K.S's testimony alone is sufficient to support the conviction. *See Turner v. State*, 626 S.W.3d 88, 96 (Tex. App.—Dallas 2021, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (testimony of child victim is sufficient by itself to support conviction for sexual assault of a child)). While appellant may have a different theory of the case, the verdict establishes the jurors believed K.S. was credible. *See id.* We overrule appellant's first issue.

In his second issue, appellant argues the evidence is insufficient to prove Collin County was the appropriate venue for prosecution for the indicted charge. The State responds that appellant has not preserved this argument for appeal. We agree.

Rule 44.2 of the Texas Rules of Appellate Procedure establishes that, "Unless . . . disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume . . . that venue was proved in the trial court." TEX. R. APP. P. 44.2(c)(1). "Because appellant did not timely raise the issue of venue at trial, appellant waived any venue challenge." *McKee v. State*, No. 05-10-01410-CR, 2012 WL 1021446, at *17 (Tex. App.—Dallas Mar. 28, 2012, pet. ref'd) (mem. op., not designated for publication); *see also Casas v. State*, No. 08-22-00109-CR, 2023 WL 3737119, at *2 (Tex. App.—El Paso May 31, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Puryear v. State*, 428 S.W.2d 345, 347 (Tex. Crim. App. 1968); *Carpenter v. State*, 333 S.W.2d 391, 393 (Tex. Crim. App. 1960) (contention that venue was not proved "was raised for the first time after verdict, and this Court will presume that venue was proved.")). Because appellant raises his venue complaint for the first time on appeal, he has not preserved this complaint for appellate review. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

221360f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANTONIO ESCOBEDO,
Appellant

No. 05-22-01360-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-84010-2022.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of February, 2024.